1
2
3
4
5                    DISTRICT COURT OF GUAM
6
VINCENT T. TEDTAOTAO,
7
                  Petitioner,                Civil Case No. 09-00027
                                             Criminal Case No. CR86-044A
8          vs.

9   UNITED STATES OF AMERICA,                **OPINION AND ORDER**

10                 Respondent.
11

12         Petitioner Vincent T. Tedtaotao ("the Petitioner") filed a Motion to Vacate, Set Aside, or

13   Correct Sentence pursuant to 28 U.S.C. § 2255 ("the Motion") on October 1, 2009. *See* Docket

14   No. 1. Pursuant to Local Civil Rule 7.1(e)(3), this matter is appropriate for decision without the

15   need for a hearing or oral argument.[1] Because this court does not have jurisdiction over this

16   case, and for the reasons contained herein, the motion is **HEREBY DENIED** and this case is

17   **DISMISSED**.

18         The Petitioner was indicted in the Superior Court of Guam for the murder of David

19   Untalan, after an altercation at a Maite nightclub on August 20, 1985. *Guam v. Tedtaotao*, 896

20   F.2d 371, 372 (9th Cir. 1990). After a jury trial, the Petitioner was found guilty on June 4, 1986,

21   of one count of Murder, one count of Attempted Murder, and two counts of use of a deadly

22   weapon which subjected the Petitioner to an enhanced sentence. *See* Docket No. 1; *Tedtaotao*,

23   896 F.2d at 372. The Appellate Division of the District Court of Guam affirmed.[2] *See* 896 F.2d

24   _____

25         [1]  Local Civil Rule 7.1(e)(3) states "[i]n cases where the parties have requested oral
     argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of
26   the Court, and a decision rendered on the basis of the written materials on file."

27         [2]  Until the establishment of the Supreme Court of Guam in 1996, the Appellate Division
     of the District Court of Guam had jurisdiction over appeals from the Superior Court of Guam. *See*
28   48 U.S.C. § 1424-3(a) ("Prior to the establishment of the appellate court authorized by section 1424-

371.  The Petitioner then appealed to the Ninth Circuit Court of Appeals,[3] which also affirmed.  *See id.*  The Petitioner, although convicted by the territorial court, is currently confined at a federal correctional facility pursuant to a "Compact Agreement Contract."  *See* Docket No. 1.

The Petitioner now files the instant Motion in this court, seeking post-conviction relief.  He requests this court hold an evidentiary hearing on his argument that the Superior Court of Guam court erred in refusing to admit evidence at his trial, and his claim of ineffective assistance of counsel.  *See* Docket No. 1.

The dispositive issue, however, is whether this court has jurisdiction.  The Petitioner was convicted by the Superior Court of Guam on June 4, 1986, and pursuant to the existing laws when his appeal was pending, he properly appealed to the Appellate Division of the District Court of Guam and to the Ninth Circuit Court of Appeals.  *See* notes 2 and 3.  Since that time, however, a new appellate system was instituted for the island's territorial courts when the Supreme Court of Guam was established on April 21, 1996.  *See* 48 U.S.C. § 1424-3(a).

It is the Supreme Court of Guam that has jurisdiction over the Petitioner's claim of post-conviction relief.  Based on the record before this court, it is not clear whether he has sought such relief by filing a *habeas corpus* petition at the Supreme Court of Guam.  Unless and until the Petitioner has exhausted his state remedies, this court does not have jurisdiction.  *See Smith v. Baldwin*, 510 F.3d 1127, 1137-38 (9th Cir. 2007) ("Before a federal court may consider the merits of a state prisoner's petition for a writ of habeas corpus, the prisoner generally must first exhaust his available state court remedies.").

**SO ORDERED.**



/s/ **Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Dec 21, 2009**

---

1(a) of this title, which is known as the Supreme Court of Guam, the District Court of Guam shall have such appellate jurisdiction over the local courts of Guam as the legislature may determine[ .]").

[3] Appeals from the Appellate Division of the District Court of Guam were heard by the Ninth Circuit.  48 U.S.C. § 1424-3 (c) ("The United States Court of Appeals for the Ninth Circuit shall have jurisdiction of appeals from all final decisions of the appellate division of the district court.").